UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARK HIGGINBOTHAM,

      Plaintiff,

  v.

FRANK BISIGNANO,
Commissioner of Social Security,

      Defendant.

Case No. 1:24-cv-04616
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter is before the Court on Plaintiff's motion for an attorney's fee pursuant to 42 U.S.C. § 406(b)(1). Motion for Attorney Fees, ECF No. 17. The Commissioner neither supports nor opposes the motion but asks that the Court direct Plaintiff's counsel to remit to Plaintiff the $ 7,200.00 fee previously awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Response to Motion, ECF No. 18; see Consent Order, ECF No. 16.

Under the Social Security Act, when a court renders a judgment favorable to a claimant who was represented before the court by an attorney, the court may award that prevailing claimant's attorney "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . ." 42 U.S.C. § 406(b)(1)(A). In determining an appropriate fee under the statute, a court must consider such factors as the character of the representation and results achieved, whether counsel was responsible for delay, and whether the benefits were large in comparison to the time expended by counsel. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807-08 (2002). Moreover, a court

1

may consider the inherent risk of loss associated with representation on a contingency basis. *Tschudy v. Comm'r of Soc. Sec.*, No. 18-3424, 2020 WL 3316403, at *1 (D.N.J. June 18, 2020).

Plaintiff applied for Disability Insurance Benefits and, with the assistance of counsel, challenged the administrative denial of that application in this Court. In August 2024, this Court adopted the parties' proposal, reversed the Commissioner's decision, and remanded the matter to the Commissioner for further proceedings. Consent Order, ECF No. 12; Final Judgment, ECF No. 13. On remand, Plaintiff secured a fully favorable decision, *see* Notice of Award, attached to Response to Motion, ECF No. 18, PageID# 559-64, and was awarded past-due benefits totaling $ 104,162.00. *Id*. at PageID# 560. Plaintiff's counsel seeks 25% of that award, for an attorney's fee of $ 26,040.50.

Timothy J. Mallo, Esq., Plaintiff's well-experienced counsel, represents that he expended 29.3 hours of time on behalf of Plaintiff before this Court. *Id.* at PageID# 546, 552. The requested fee therefore represents no more than 25% of the past-due benefits and compensation for Plaintiff's attorney at the rate of approximately $ 888.75 per hour.

This Court concludes that the requested fee is reasonable. Counsel's representation of Plaintiff before this Court resulted in the prompt reversal of the Commissioner's decision and an order of remand. The favorable result that Plaintiff ultimately realized is a testament to his counsel's competence and efforts. Moreover, counsel was in no way responsible for any delay between the filing of Plaintiff's application and the award of Disability Insurance Benefits. Furthermore, the benefits awarded were not large in comparison to the time expended by counsel. *See Gisbrecht*, 535 U.S. at 808.

Plaintiff's Motion for Attorney Fees, ECF No. 17, is therefore **GRANTED**.

**IT IS ORDERED** that an attorney's fee in the amount of $ 26,040.50, which represents 25% of the past-due benefits awarded to Plaintiff, be remitted to **Timothy J. Mallo, Esq**. Upon receipt of this fee, counsel for Plaintiff is **DIRECTED** to remit the previously awarded EAJA fees in the amount of $ 7,200.00 to Plaintiff.


December 31, 2025                                  *s/ Norah McCann King*
                                                   Norah McCann King
                                                   United States Magistrate Judge